UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THEODORE E. POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. *13- 1568* |
| | ) | |
| MAYOR VINCENT GRAY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint.

The plaintiff, a former teacher with the District of Columbia Public Schools, again brings a lawsuit against the Washington Teachers Union, among others, arising from its alleged failure to represent him in pursuing a grievance. As the plaintiff well knows, his exclusive remedy for such employment-related claims comes by way of the District of Columbia's Comprehensive Merit Personnel Act ("CMPA"). *See* D.C. Code §§ 1-601.01 *et seq.*; *McManus v. District of Columbia*, 530 F. Supp. 2d 46, 77-78 (D.D.C. 2007); *see also Powell v. Am. Fed. of Teachers*, No. 12-1384, 2012 WL 3757731, at *1 (D.D.C. Aug. 22, 2012); *Powell v. Am. Fed. of Teachers*, 883 F. Supp. 2d 183, 187 (D.D.C. 2012). "Under the CMPA, an employee must first bring a grievance to the District of Columbia Public Employee Relations Board ('PERB')," and "[o]nly after a final order of the PERB has been issued can the plaintiff seek judicial review, which must

**3**

commence in the Superior Court of the District of Columbia." *Powell*, 883 F. Supp. 2d at 187

(citations omitted). Even though both the Superior Court and the District of Columbia Court

Appeals have denied his request for relief, *see* Compl., Ex. (Memorandum Opinion and

Judgment, *Powell v. Washington Teachers' Union*, No. 12-CV-1715 (D.C. Ct. App. Aug. 28,

2013) (per curiam)), plaintiff still has no recourse in this Court. "[F]ederal district courts lack

jurisdiction to review judicial decisions by state and District of Columbia courts." *Richardson v.*

*District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of*

*Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413

(1923)).

An Order accompanies this Memorandum Opinion.

DATE: 9/19/2013

United States District Judge